IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DILLON | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-00372 |
| | ) | |
| EARLY WARNING SERVICES, LLC | ) | |

To: The Honorable Waverly D. Crenshaw, Jr., Chief United States District Judge

## REPORT AND RECOMMENDATION

This case was commenced by the filing of a complaint on May 1, 2020. (Docket No. 1.) Following an initial case management conference on September 14, 2020, the Court entered an Initial Case Management Order on September 15, 2020. (Docket No. 27.) The Initial Case Management Order includes a detailed case resolution plan with instructions for the parties to make a minimum of two independent, substantive attempts to resolve this case. (*Id*. at ¶ F.) The case resolution plan further mandates that for each attempt at case resolution the parties must have made a settlement offer or demand that was then responded to and followed by discussion of specific settlement terms. (*Id*.) The parties were required to file a joint case resolution status report confirming their first substantive attempt at case resolution by no later than December 4, 2020. (*Id*.)

On December 4, 2020, the parties filed a joint case resolution status report, which stated, in part, that the parties had "several discussions outlining their respective views on the merits of Plaintiff's claim," but that Plaintiff had not "yet formulated a settlement demand," which he expected to do within fourteen days of the date of filing of the joint status report. (Docket No. 31.) By order entered on December 9, 2020, the parties were reminded that case resolution attempts are

mandatory and require the exchange and discussion of specific settlement terms. (Docket No. 32.) The parties were also directed to file a supplemental joint case resolution status report by January 15, 2021[1] that "confirms a settlement demand was made by Plaintiff, responded to by Defendant, and discussed by the parties." (*Id*.) On January 15, 2021, Defendant filed a supplemental case resolution status report, which states that

> Plaintiff agreed to communicate a settlement demand to [Defendant] EWS by December 18, 2020. After receiving no demand, counsel for EWS inquired as to the status of the settlement demand on December 23, 2020. Thereafter, Plaintiff's counsel informed EWS that they would be moving to withdraw as counsel and Plaintiff would proceed pro se. To date, Plaintiff's counsel has not moved to withdraw. Prior to filing this report, counsel for EWS inquired as to the status of Plaintiff's counsel's plans to withdraw and did not receive a response. As of the date of this filing, Plaintiff has failed to communicate a settlement demand, has failed to serve discovery requests, and has failed to respond to EWS's discovery requests that were served on November 30, 2020. … Recognizing the party's joint obligation to submit a supplemental joint status report by January 14, 2021, counsel for EWS again attempted to contact counsel for Plaintiff on January 14, 2021, seeking direction with respect to the Court's pending deadlines. Plaintiff's counsel refused to respond and, as a result, EWS submits this Supplemental Case Resolution Status Report solely on its own behalf.

(Docket No. 35 at 1-2.)

On January 19, 2021, the Court issued an order for Plaintiff to show cause by no later than February 4, 2021 why this case should not be dismissed under Fed. R. Civ. P. 16(f) for Plaintiff's failure to comply with the Court's orders to engage in a case resolution attempt and file a **joint** case resolution status report. (Docket No. 36) (emphasis in original). No response was filed by or on behalf of Plaintiff to the Court's show cause order by the February 4, 2021 deadline.

Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey

---

[1] The Court's December 9 order set a deadline of January 15, 2020 for the filing of the supplemental joint case resolution status report, which should have been reasonably construed as an inadvertent error in referencing 2020 rather than 2021.

a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Dismissal is an action expressly authorized by Rule 37(b)(2)(A)(v) and therefore likewise authorized by Rule 16(f).

Here, Plaintiff has failed to comply with multiple scheduling and pretrial orders of the court. The September 15 Initial Case Management Order and the December 9 order instructed Plaintiff to engage in a substantive case resolution attempt and file a supplemental joint case resolution status report. Plaintiff did not fully comply with the Initial Case Management Order and did not comply at all with the Court's December 9 order. The Court's January 19 show cause order then directed Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's case resolution plan found in the prior scheduling orders. Plaintiff again failed to obey.

Under the plain language of Rule 16(f), dismissal of this case is warranted. Plaintiff was given multiple opportunities to comply with the Court's orders and was warned that his failure to do so would result in a recommendation for dismissal of this case. Given Plaintiff's clear disregard for the Court's orders, which consumes not only Defendant's resources but the limited resources of the Court in efforts to compel Plaintiff's compliance, the Court finds that no less drastic outcome is appropriate. The Court should not have to plead with a party for compliance with straightforward orders.

**Recommendation**

For all these reasons, it is RESPECTFULLY RECOMMENDED that this action be dismissed under Rule 16(f) for Plaintiff's failure to obey the Court's scheduling and pretrial orders.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made.

*See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of the objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

                Respectfully submitted,

                _____
                BARBARA D. HOLMES
                United States Magistrate Judge